UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **QUINTEN NAVE**<br>    *Plaintiff*,<br><br>v.<br><br>**GULF STATES SERVICES GROUP LLC**<br>**and MARCUS PICKETT HEUCHAN**<br>    *Defendants*. | CIVIL ACTION NO.: 2:20-cv-546<br><br>JUDGE:<br><br>MAG. JUDGE:<br><br>COLLECTIVE ACTION |

**COMPLAINT**

Plaintiff **QUINTEN NAVE**, on behalf of himself and the other members of the collective set forth herein, hereby alleges as follows:

**THE PARTIES**

1. **QUINTEN NAVE** is an individual of the full age of majority and a resident and domiciliary of the State of Louisiana.

2. Defendant, **GULF STATES SERVICES GROUP LLC**, ("Gulf States") is a Louisiana limited liability company with its registered mailing address within this state located at 500 Royal Palm CT. Madisonville, LA 70447. On information and belief, that address is the residence of Marcus Pickett Heuchan, the sole member and registered agent for Defendant.

3. Defendant, **MARCUS PICKETT HEUCHAN**, is an individual of the full age of majority. He lives in Jefferson, Louisiana, and is a resident and domiciliary of the State of Louisiana.

4. Heuchan is the sole member of Gulf States and had the power to hire and fire employees and to set company pay policies and practices, including the policies and practices complained of herein.

1

## JURISDICTION AND VENUE

5. This Complaint is brought pursuant to the Fair Labor Standards Act ("FLSA"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. The Court has pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Marcus Heuchan, who is the sole member of Gulf States resides within this District. Thus, Gulf States is a resident of this district for purposes of personal jurisdiction and venue.

8. All Defendants regularly transact business within this District and are subject to personal jurisdiction here.

9. Venue is proper in this Court. 28 U.S.C. § 1391.

10. The transactions and occurrences alleged herein involved actions in Louisiana and Alabama and therefore constitute interstate commerce.

11. Each Defendant is regularly engaged in commerce pursuant to 29 U.S.C. § 203(s).

12. Upon information and belief, Defendant's annual volume of sales made and business done has exceeded $500,000.00 for each year during the relevant time period.

## FACTUAL ALLEGATIONS

13. The events that give rise to this Complaint occurred in connection with the construction of cellphone tower sites, which includes, among other things, laying a concrete slab and running conduit and preparing the site for the cellphone tower to be affixed ("Construction Projects").

14. During Plaintiff's employment with Defendant, he was the "lead technician" which essentially assumed the role of foreman.

15. The Construction Projects were rarely located in Louisiana but rather throughout the southern United States.

16. Plaintiff earned $22.50 per hour and typically worked six or more days per week.

17. During his employment, from approximately January 2017 through July of 2019, Plaintiff never received overtime pay, despite regularly working overtime.

18. During his employment, Plaintiff frequently traveled long distances for work and was not fully compensated for his travel time.

19. When Plaintiff and other employees complained about not getting overtime pay, they were told that they were not eligible for overtime.

20. Eventually, Plaintiff was terminated in November of 2019. He never received his last paycheck.

21. Further, Defendant forced Plaintiff to pay for damage to a company vehicle, which was fully insured. When Plaintiff learned that he had, in fact, overpaid for the damage and complained, he was told that he would not be reimbursed because Defendant did not think he had done a good job on the last project; and, that that money and his last paycheck were being withheld for that same reason.

22. Plaintiff was not paid for his accrued and unused vacation as required by La. Rev. Stat. § 23:631(D).

23. Plaintiff has repeatedly made demands upon Defendants for payment of the unpaid wages, to no avail.

## COLLECTIVE ACTION CLAIMS

24. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all other current and former similarly situated employees who worked for Defendants on the Project.

25. The FLSA collective is defined as:

> All individuals employed by MARCUS PICKETT HEUCHAN and/or GULF STATES SERVICES GROUP LLC from February of 2017 through July of 2019.

26. Defendants' failure to pay statutorily mandated minimum wage and overtime pay to the members of the collective constitutes a common practice, policy, or plan to deny overtime in violation of the FLSA.

27. Plaintiff is similarly situated to the remaining members of the collective, who have all been denied minimum wage and overtime premiums despite working more than 40 hours in a week.

28. Plaintiff and the other members of the collective have repeatedly made demands upon Defendants for payment of their unpaid wages, to no avail.

29. Defendants were joint employers of the Plaintiff and other members of the collective.

30. Defendants jointly set the terms and conditions of employment for Plaintiff and other members of the collective.

31. Defendants jointly assigned the Plaintiff and other members of the collective to the relevant Premises and Project.

32. Defendants had the right to direct and control the work of Plaintiff and other members of the collective and did in fact direct and control that work.

33. Plaintiff requests that, at the soonest practicable time, the Court order that notice be given to the remaining members of the collective so that they may exercise their right to opt in to this action.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 206-207)
## AGAINST ALL DEFENDANTS

34. Plaintiff hereby realleges and reincorporates paragraphs 1- 33.

4817-3883-3331, v. 3

35. The FLSA requires that employers pay nonexempt employees a minimum wage of at least $7.25 per hour, plus an overtime premium at a rate of at least one and one-half times their regular rate, for all hours over forty in a workweek.

36. Defendants have not paid Plaintiff overtime wages for hours worked over forty in a workweek.

37. Defendants have not paid the remaining members of the collective overtime wages for hours worked over forty in a workweek.

38. Defendants had actual and constructive knowledge that Plaintiff and the remaining members of the collective worked more than 40 hours in a week.

39. Defendants' nonpayment of minimum wage and overtime was willful and not based in a good faith belief that their conduct was in accordance with the law.

40. Plaintiff and the other members of the collective have therefore been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## QUANTUM MERUIT/UNJUST ENRICHMENT

41. Plaintiff hereby realleges and reincorporates paragraphs 1-40.

42. Defendants have not paid Plaintiff and the other members of the collective for all hours worked under forty in a workweek, known as "straight time" or "gap time."

43. Payment for those hours was duly earned by Plaintiff and the members of the collective, but has not been paid. Defendants' failure to pay for this labor has unjustly enriched them and impoverished Plaintiff and the members of the collective.

44. There is no justification for Defendants' unlawful actions, and Plaintiffs have no other adequate remedy at law for Defendants' nonpayment of the straight time or gap time hours.

5

45. Defendants' unlawful actions have injured Plaintiff and the members of the collective in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
## LOUISIANA WAGE PAYMENT ACT (LA. REV. STAT. §§ 23:631-632)

46. Plaintiff hereby realleges and reincorporates paragraphs 1 – 45.

47. Defendants failed to pay Plaintiff and the members of the collective all sums owed to them within 15 days after the end of their employment.

48. Plaintiff and the members of the collective have repeatedly demanded payment of their wages from Defendants, but have still not received the money owed to them.

49. Defendants' actions violate the Louisiana Wage Payment Act, La. Rev. Stat. § 23:632, and Plaintiff and the members of the collective are entitled to 90 days' penalty wages along with reasonable attorneys' fees.

## JURY DEMAND

50. Plaintiff hereby requests a trial by jury on all counts so triable.

**WHEREFORE**, Plaintiff and the members of the collective respectfully pray for judgment as follows:

   a. That this case be allowed to proceed as a collective action;

   b. For an award of all unpaid wages, minimum wage, and overtime according to proof;

   c. For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

   d. For an award of reasonable attorney's fees;

   e. For costs of suit;

   f. For an award of penalties pursuant to La. Rev. Stat. § 23:632;

   g. For injunctive and equitable relief as provided by law; and

   h. For pre and post-judgment interest.

4817-3883-3331, v. 3

Plaintiff further prays for such other and further relief as may be proper and this Honorable Court is competent to grant.

NEW ORLEANS, LOUISIANA, this 6th day of February 2020.

Respectfully submitted,

**THE CHOPIN LAW FIRM, LLC**

___*/s/ Justin M. Chopin*_____
**JUSTIN M. CHOPIN (La. Bar No. 31100)**
**ADAM P. SANDERSON (La. Bar No. 31312)**
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Telephone:	Justin Direct: 504-229-6681
	Adam Direct: 504-517-1675
Facsimile:	504-324-0640
Email:	Justin@ChopinLawFirm.com
	Adam@ChopinLawFirm.com

*-and-*

Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

*Attorneys for Plaintiff, Quinten Nave*