UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

QUINTEN NAVE                                    CIVIL ACTION

VERSUS                                          NO. 20-546

GULF STATES SERVICES LLC, ET AL.                SECTION: "H" (4)

## ORDER AND REASONS

Before the Court are Defendants' Motion to Dismiss (Doc. 16) and
Plaintiff's Motion to Dismiss Counterclaim (Doc. 18). For the following reasons,
Defendants' Motion is **GRANTED**, and Plaintiff's Motion is **GRANTED IN
PART** and **DENIED IN PART**.

## BACKGROUND

In this suit, Plaintiff brings claims against his former employer under
the Fair Labor Standards Act ("FLSA") and the Louisiana Wage Payment Act
("LWPA"). Plaintiff purports to file suit on behalf of other similarly situated
individuals, and he alleges that Defendants did not pay their employees the
wages due to them. Specifically, Plaintiff alleges that he and other employees
were denied minimum wage as well as overtime payments that they had
earned.[1] Also, Plaintiff asserts a state law claim for unjust enrichment,
alleging that Defendants failed to pay their employees for their labor including
"straight time" or "gap time."[2] Defendants, in turn, asserted a counterclaim
against Plaintiff, alleging that he failed to return certain tools loaned to him
and that he damaged Defendants' vehicle.

---

[1] Doc. 1 at 4.
[2] *Id.* at 5.

1

In their Motion, Defendants argue that Plaintiff fails to state an unjust enrichment claim. Defendants further argue that to the extent Plaintiff tries to bring a quantum merit claim, he fails to state a claim for this as well. In Plaintiff's Motion, he asks the Court to dismiss Defendants' counterclaim, arguing that the FLSA does not permit counterclaims against employees.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6]

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007) (internal quotations omitted).

[2] Id.

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] Iqbal, 556 U.S. at 678.

[5] Id.

[6] Lormand, 565 F.3d at 255–57.

## LAW AND ANALYSIS

### I. Plaintiff's Claim for Unjust Enrichment/Quantum Meruit

Defendants argue that Plaintiff's claim for "all hours worked under forty in a workweek, known as 'straight time' or 'gap time,'" cannot form the basis of an unjust enrichment or quantum meruit claim. Because the elements of unjust enrichment and quantum meruit are indistinguishable, the Court will conduct only one analysis of the requisite elements.[3]

Under Louisiana law, "[a] claim for unjust enrichment is based upon the equitable principle that a 'person who has been enriched without cause at the expense of another person is bound to compensate that person.'"[4] To prove unjust enrichment, five elements must be present: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) the lack of another remedy at law.[5] "The unjust enrichment remedy is only applicable to fill a gap in the law where no express remedy is provided."[6]

Here, Defendants argue that Plaintiff's claim fails because claims for "gap time" and "straight time" are covered by the LWPA. In response, Plaintiff emphasizes that he pled unjust enrichment as an alternative remedy, to be pursued if his other claims fail. He avers "that [the FLSA and the LWPA] are both fully applicable to the unlawful practices alleged in this case."[7] In their

---

[3] Martin Energy Servs., LLC v. M/V Bourbon Petrel, et al., Civil Action No. 14-2986, 2018 WL 4775067, at *2 n.2 (E.D. La. Oct. 3, 2018).

[4] Semco, LLC v. Grand Ltd., 221 So. 3d 1004, 1030 (La. App. 5 Cir. 2017) (quoting LA. CIV. CODE art. 2298).

[5] Id.

[6] Westbrook v. Pike Elec., LLC, 799 F. Supp. 2d 665, 672 (E.D. La. 2011) (internal quotations omitted).

[7] Doc. 20 at 8.

reply, Defendants argue that Plaintiff can only alternatively plead claims that are legally cognizable, and his claim for unjust enrichment is not.

This Court agrees with Defendants. "Unjust enrichment is a specific cause of action that may not be asserted against a defendant as a mere catchall or safety net in the event that a plaintiff fails to succeed on the merits of his or her other claims."[8] As the Eastern District has noted, "whether plaintiff succeeds or not with respect to his other claims is immaterial."[9] "It is not the success or failure of other causes of action, but rather the existence of other causes of action, that determine whether unjust enrichment can be applied."[10] In other words, "the mere fact that there are alternative remedies available precludes a claim for unjust enrichment."[11] "While some district courts have permitted unjust enrichment claims to be pled in the alternative, apparently in reliance on federal procedural law, as Judge Feldman correctly noted in *JP Mack Industries*, those courts did so without analyzing the effect of such a ruling on Louisiana substantive law."[12] Accordingly, this Court finds that Plaintiff's unjust enrichment/quantum meruit claim must be dismissed.[13]

---

[8] Constance v. Austral Oil Expl., Co., Inc., Nos. 2:12–CV–1252, 2:12–CV–1253, 2013 WL 6578178, at *9 (W.D. La. Dec. 13, 2013).

[9] *Westbrook*, 799 F. Supp. 2d at 672.

[10] Zaveri v. Condor Petrol. Corp., 27 F. Supp. 3d 695, 702 (W.D. La. 2014) (quoting Garber v. Badon & Ranier, 981 So. 2d 92, 100 (La. App. 3 Cir. 2008)).

[11] *Westbrook*, 799 F. Supp. 2d at 672.

[12] *Zaveri*, 27 F. Supp. 3d at 701.

[13] Plaintiff cites *Main Iron Works LLC v. Rolls Royce Marine North America, Inc.*, 2015 WL 3952709 (E.D. La. June 29, 2015). In that case, this Court specifically noted that Main Iron Works LLC disputed whether a contract even existed between the parties. *Id.* at *3. Thus, the Court reasoned as follows: "If this Court finds that no contract exists between MIW and Rolls Royce, a breach of contract or open account claim likewise does not exist." *Id.* The Court wrote that if it later decided that a contract did exist between the parties, it would reconsider the motion to dismiss. *Id.* That case, therefore, is distinguishable from the instant one before the Court. Here, the parties agree, and courts have held, that the FLSA and the LWPA cover all of the claims at issue here. *See* Montgomery v. Waitr Holdings Inc., 2019 WL 2233792, at *3 (E.D. La. May 23, 2019) (involving FLSA allegations that defendant failed to pay minimum wage and failed to pay overtime) ("[B]ecause the FLSA provides Plaintiffs another remedy, they cannot state a claim for unjust enrichment."). *See*

## II. Defendants' Counterclaim

Plaintiff argues that Defendants' counterclaim should be dismissed because the Fifth Circuit has held that employers may not file counterclaims or claims for setoffs in FLSA actions. In response, Defendants aver that they are seeking a setoff only as to Plaintiff's LWPA claims, not his FLSA claims.

As Plaintiff notes in his reply, Defendants' counterclaim "seeks a setoff against *any* purported wages Plaintiff asserts are due."[14] Defendants allege that they "are entitled to a set off and/or credit for any amounts earned and/or any permissible set off or deductions available under the FLSA or Louisiana Wage Payment Act."[15] The FLSA, however, does not allow employers to assert counterclaims or claims for setoffs against plaintiffs.[16] Accordingly, to the extent Defendants' counterclaim relates to the FLSA, it is dismissed.

To the extent the counterclaim relates to Plaintiff's LWPA claim, the allegations remain pending. As Defendants note, Louisiana law allows employers to assert claims for setoffs.[17]

---

*also* Trisler v. LifeShare Blood Centers, 2019 WL 3451708, at *7 (W.D. La. July 29, 2019) (involving claims for "straight time" or "gap time") ("Based on our finding that the proper state law cause of action for unpaid wages rests in Louisiana's Wage Payment Statute, we do not find that plaintiffs' claims are proper under the theory of unjust enrichment, since a remedy is clearly contemplated under existing law. Plaintiffs' petition fails to assert a claim under the Wage Payment Statute, but the mere fact that plaintiffs did not successfully pursue such a claim does not entitle them to unjust enrichment claims.").

[14] Doc. 17 at 12.

[15] *Id.* at 8.

[16] Martin v. PepsiAmericas, Inc., 628 F.3d 738, 741 (5th Cir. 2010) ("[S]et-offs and counterclaims are inappropriate in any case brought to enforce the FLSA's minimum wage and overtime provisions."). *See also* Babin v. Plaquemines Par., Civil Action No. 18-7378-WBV-DMD, 2019 WL 5084164, at *3 (E.D. La. Oct. 10, 2019) (noting that "[t]he federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors" and that "the only function of the federal judiciary under the FLSA 'is to assure to the employees of a covered company a minimum level of wages'") (quoting Brennan v. Heard, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds by* McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988)).

[17] Newson v. Glob. Data Sys., Inc., 107 So. 3d 781, 787 (La. App. 3 Cir. 2012) ("Louisiana courts have recognized that an employer may have a claim of setoff or compensation against former employees. Employers have been allowed a setoff against a former

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 16) is **GRANTED**. Plaintiff's claim for unjust enrichment/quantum meruit is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Counterclaim (Doc. 18) is **GRANTED IN PART**, and Defendants' FLSA counterclaim is **DISMISSED WITH PREJUDICE**. To the extent Plaintiff's Motion relates to Defendants' LWPA counterclaim, the Motion is **DENIED**.

New Orleans, Louisiana this 10th day of August, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

employee's unpaid wage claim for damages pertinent to physical property or for definitive amounts of money owed by the employee for salary overpayment, loans, or outstanding account balances.").