UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**QUINTEN NAVE, ET AL.**                         **CIVIL ACTION**

**VERSUS**                                       **NO. 20-546**

**GULF STATES SERVICES LLC, ET AL.**             **SECTION: H(4)**

## ORDER AND REASONS

Before the Court is Plaintiff Quinten Nave's Motion to Enforce Settlement (Doc. 60). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

In February 2020, Plaintiff filed this action against his former employer, asserting claims under the Fair Labor Standards Act ("FLSA") and the Louisiana Wage Payment Act ("LWPA").[1] Plaintiff alleged unpaid wages and overtime as a result of his employer's misclassification of employees as

---

[1] Doc. 1.

independent contractors. Several of his former co-workers later joined the action and asserted similar claims.[2]

In December 2020, counsel for the parties advised the Court that all parties had agreed upon a settlement. On December 17, 2020, the Court entered an Order ("the December Order") dismissing the case "without prejudice to the right, upon good cause shown, within sixty days, to reopen the action if settlement is not consummated."[3] The December Order also stipulated that the Court retained jurisdiction to enforce the settlement agreement if it was not consummated in 60 days.[4] On February 12, 2021, in another Order ("the February Order"), the Court granted Plaintiff's unopposed motion for a 30-day extension of the 60-day dismissal deadline established in the December Order.[5] The Court again retained jurisdiction to enforce the settlement if it was not consummated within 30 days from February 12.

In March of 2021, the parties presented this Court with a Joint Motion for Approval of a Confidential Settlement Agreement.[6] The Court approved the settlement agreement as a fair and reasonable settlement of bona fide claims, as required by the FLSA.[7] The settlement created a 45-day deadline, ending on or around May 8, 2021, for payment by Defendants to Plaintiffs. However, on May 5, 2021, defense counsel informed counsel for Plaintiffs that Defendants would not be paying the settlement funds by the deadline. In

---

[2] *See* Docs. 9, 12, 15, 19, and 35.
[3] Doc. 51.
[4] *Id.*
[5] Doc. 53.
[6] Doc. 56.
[7] Doc. 57.

response to Defendants' non-compliance with the settlement terms, Plaintiffs moved the Magistrate Judge for a judgment debtor exam. The Magistrate Judge denied this request because the settlement was not entered into a final judgment, meaning there was no judgment debtor to examine.

Plaintiffs now move to enforce the settlement this Court approved.[8] Plaintiffs argue that the parties voluntarily and knowingly entered into a binding settlement, that there is no reason to doubt the settlement's legitimacy, and that public policy strongly favors enforcing valid settlement agreements.[9] Defendants oppose on the grounds that the Court no longer has jurisdiction to enforce the settlement.[10]

## LAW AND ANALYSIS

"District courts have inherent power to enforce settlement agreements. 'Indeed, the power to implement a settlement agreement between the parties inheres in the district court's role as supervisor of the litigation, and the exercise of that power is entrusted to the court's sound discretion.'"[11] "In both the federal and state courts, settlements are highly favored and will be enforced whenever possible."[12]

---

[8] Doc. 60.
[9] Doc. 60-3 at 2–3.
[10] *See* Doc. 61.
[11] Malvaes v. Constellation Brands, Inc., No. 14-21302, 2016 WL 4007332, at *2 (S.D. Fla. June 23, 2016) (citation omitted) (quoting South Beach Suncare, Inc. v. Sea & Ski Corp., No. 98-1114, 1999 WL 350458, at *6 (S.D. Fla. May 17, 1999)); E. Energy, Inc. v. Unico Oil & Gas, Inc., 861 F.2d 1379, 1380 (5th Cir. 1988).
[12] *Malvaes*, 2016 WL 4007332, at *2.

"Although federal courts possess the inherent power to enforce agreements entered into in settlement of litigation, the construction and enforcement of settlement agreements is governed by the principles of state law applicable to contracts generally."[13] "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."[14] A compromise must be made in writing.[15] "When a party fails to perform a compromise, the other party may act either to enforce the compromise or to dissolve it and enforce his original claim."[16] "There are two essential elements of a compromise: (1) mutual intention of preventing or putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their differences."[17]

Here, the parties entered into an enforceable, written compromise. Both Plaintiff Quentin Nave and Defendants signed the confidential settlement agreement and release of claims.[18] This agreement reflects the mutual intent of both parties to put an end to this litigation.[19] The agreement also contains concessions from both parties to adjust their differences.[20] Through the

---

[13] *E. Energy, Inc.*, 861 F.2d at 1380 (quoting Lockette v. Greyhound Lines, Inc., 817 F.2d 1182, 1185 (5th Cir. 1987)).
[14] LA. CIV. CODE art. 3071.
[15] *Id.* art. 3072.
[16] *Id.* art. 3081.
[17] Preston Law Firm, L.L.C. v. Mariner Health Care Mgmt. Co., 622 F.3d 384 (5th Cir. 2010) (quoting Klebanoff v. Haberle, 978 So. 2d 598, 602 (La. App. 2d Cir. 2008)).
[18] *See* Doc. 56-2 (sealed).
[19] *See id.* at 1.
[20] *See id.* at 1, 4–6.

agreement, the parties demonstrated that there existed a pending legal dispute between them, that they agreed upon the terms required to settle that dispute, that they intended the settlement to resolve said dispute, and that Defendants would pay certain sums of money to Plaintiffs in exchange for Plaintiffs' release of their claims against Defendants. This constitutes a binding settlement agreement.

Defendants argue that despite the settlement agreement binding the parties, the Court lacks jurisdiction to enforce that agreement. Defendants contend that Court's December Order of Dismissal only retained jurisdiction for 60 days. Then, when the Court extended the deadlines in its December Order with its February Order, jurisdiction was only retained for another 30 days. Thus, according to Defendants, Plaintiff's right to seek enforcement expired sometime in March—long before this Motion to Enforce was filed in May.[21]

In *Kokkonen v. Guard Life Insurance Co.*, the U.S. Supreme Court held that a district court's "ancillary jurisdiction" "to manage its proceedings, vindicate its authority, and effectuate its decrees" provides an independent jurisdictional basis to enforce a settlement agreement only if "the parties' obligation to comply with the terms of the settlement agreement ha[s] been made a part of the order of dismissal."[22] A settlement agreement may be made part of a dismissal order in one of two ways: "either by separate provision (such

---

[21] *See* Doc. 60.
[22] 511 U.S. 375, 380–81 (1994).

5

as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order."[23]

Here, this Court employed the first method of making the parties' settlement agreement part of the dismissal order. The Court's December Order stated that "the Court specifically retains jurisdiction to enforce the settlement agreement if settlement is not consummated in sixty days."[24] The Court's February Order extended the deadline for perfection of settlement set out in the December Order and again stated that "[t]he Court specifically retains jurisdiction to enforce the settlement agreement if settlement is not consummated within thirty days from the date of this Order."[25] The parties produced the Settlement Agreement shortly thereafter, but settlement was not consummated within 30 days from the date of the February Order. The language retaining jurisdiction does not limit the Court's jurisdiction to 30 days as Defendants argue, but rather gives the parties 30 days to attempt to complete the settlement on their own before being able to turn to the Court to enforce its terms. Thus, the Court has jurisdiction to enforce the Settlement Agreement in this case.

---

[23] *Id.* at 381.
[24] Doc. 51.
[25] Doc. 53.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Enforce Settlement (Doc. 60) is **GRANTED**.

New Orleans, Louisiana this 8th day of December, 2021

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**